IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROBERT ALEXANDER NAVARRO,** | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-05-238 |
| | § | |
| **GARY JOHNSON,** | § | |
| Respondent. | § | |

### ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Coffield Unit Unit in Tennessee Colony, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging a Nueces County conviction. On May 11, 2005, petitioner filed a motion requesting the appointment of counsel (D.E. 3).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. No determination has been made yet about whether there are any issues which would require an evidentiary hearing and the appointment of counsel. Consequently, appointment of counsel at this time would be premature.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, Petitioner's Motion for Appointment of Counsel (D.E. 3) is DENIED without prejudice.

ORDERED this 12th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE