**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ROBERT ALEXANDER NAVARRO, § | | |
| Petitioner § | | |
| § | | |
| VS. § | C.A. NO. C-05-238 | |
| § | | |
| DOUG DRETKE, DIRECTOR, § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE–INSTITUTIONAL DIVISION, § | | |
| Respondent § | | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Coffield Unit in Tennessee Colony, Texas. He was convicted of the offense for which he currently is incarcerated in Nueces County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on April 28, 2005 (D.E. 1). Petitioner claims that his constitutional rights were violated in the following manner at his 1992 murder trial: (1) He received ineffective assistance of counsel; (2) The evidence was insufficient to support the finding of guilt and the prosecution erred when it did not apply the law of parties to the facts; and (3) The conviction was obtained by violations of his privilege against self-incrimination. On August 26 and 29, 2005, respondent filed a motions to dismiss petitioner's untimely successive petition, or, in the alternative, to transfer the case to the Fifth Circuit Court of Appeals (D.E. 11, 12). Petitioner responded to the motion on September 14 and 27, 2005 (D.E. 15, 17). Respondent argues that petitioner's case should be dismissed because he previously filed a federal petition for habeas corpus relief challenging this proceeding and also because this action is time-barred.

**JURISDICTION**

Petitioner is challenging a Nueces County, Texas, murder conviction. This court has jurisdiction over the petition pursuant to 28 U.S.C. §§ 2241, 2254; Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

**BACKGROUND**

Petitioner was convicted of murder in the 117th District Court of Nueces County, Texas on August 6, 1992 and sentenced to 20 years incarceration in TDCJ-ID (Ex Parte Navarro, App. No. 28,473-01 at 29)[1]. Petitioner appealed the judgment and it was affirmed by the Thirteenth Court of Appeals on October 21, 1993 (Id. at 33-38). Petitioner filed an application for writ of habeas corpus in state court on March 21, 1995 and it was denied without a written order on the findings of the trial court without a hearing on June 28, 1995 (Id. at 2-15 and cover). Petitioner filed an application for habeas corpus relief in federal court and summary judgment was entered for respondent on June 10, 1998 (Navarro v. Johnson, No. C-97-227 (S.D. Tex., June 10, 1998), located at D.E. 12, Ex. A).

Petitioner filed a second state habeas application on December 6, 2004, and it was dismissed as a subsequent application pursuant to TEX. CODE CRIM. PROC. art. 11.07 § 49(a)-(c). (Ex Parte Navarro, App. No. 28,473-02 at 2-79 and cover). Petitioner filed the instant federal application on April 28, 2005 (D.E. 1). Respondent did not address the issue of whether petitioner exhausted his state court remedies, but did not waive the argument. Respondent argues that petitioner's application should be dismissed because it is barred by the statute of limitations and also because it is a second or successive petition (D.E. 12 at 3). Petitioner replies that the

---

[1]The state court records are located at D.E. 14.

statute of limitations should be tolled because he suffers from a psychiatric impairment which rendered him unable to meet the applicable deadlines.

## APPLICABLE LAW

The enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996)("AEDPA") made it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999), cert. denied, 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Petitioner's prior habeas action challenged the same conviction he challenges herein and he raised both the insufficiency of the evidence claim and the ineffective assistance of counsel claims. (See Memorandum and Recommendation in Navarro, D.E. 12, Ex. A, p. 3). Although he did not raise his claim that his conviction was obtained by violation of his right against self-incrimination, he could have raised it in the first petition. His instant petition is clearly "second or successive."

3

This court lacks jurisdiction over a habeas action that is "second or successive." See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. See 28 U.S.C. § (b)(3)(A). See also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers). In this case, because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute[2], dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that petitioner's application for habeas corpus relief be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

**B. Statute of Limitations**

Respondent also seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set forth in AEDPA. However, based on the above recommendation that petitioner's cause of action be dismissed without prejudice because the district court does not have jurisdiction, respondent's arguments

---

[2]Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

regarding the timeliness of petitioner's application will not be addressed. In the event the district court does not adopt this memorandum and recommendation, a supplemental memorandum and recommendation will be filed in which the timeliness issue will be addressed.

## C. Certificate of Appealability

If the district court adopts the recommendation to dismiss the petition without prejudice as a second or successive petition, petitioner cannot file an appeal "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability (COA), however, "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 18 U.S.C. § 2253(c)(2). "The COA determination under § 2253 requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1039 (2003). The COA is addressed in the event that petitioner files a notice of appeal. See Alexander v. Johnson, 211 F.3d 895 898 (5th Cir. 2000) (it is appropriate for the district court to address sua sponte issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that are rejected solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). It is unnecessary to decide whether petitioner has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is reasonable jurists could not disagree that petitioner's petition is a second or successive one. Accordingly, it is recommended that if petitioner requests a COA, it be denied.

**RECOMMENDATION**

Based on the foregoing, it is recommended that respondent's motions to dismiss (D.E. 11, 12) be granted and petitioner's cause of action for habeas corpus relief be dismissed without prejudice so that he may seek authorization from the Fifth Circuit to file a second or successive petition. If petitioner seeks a certificate of appealability, it is respectfully recommended that his request be denied.

Respectfully submitted this 27th day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).